

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-22-2008

# In Re: James Talley

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2569

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: James Talley " (2008). *2008 Decisions*. Paper 506.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/506

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-152 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2569
_____

IN RE: JAMES TALLEY,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 04-cv-01146)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 29, 2008

Before: SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges.

(Filed: September 22, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Pro se petitioner James Talley filed a petition for writ of mandamus in this Court

on June 3, 2008. Although the petition is not entirely clear, it appears that Talley would

like this Court to order the defendants in the underlying district court case (D.N.J. Civ.

No. 04-cv-01146) to "show cause" for their refusal to comply with a district court order

and for their motion for sanctions (which the District Court granted).

Mandamus is an appropriate remedy in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Traditionally, it has "been available to a court of appeals only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Madden v. Myers, 102 F.3d 74, 77 n.3 (3d Cir. 1996) (citing Will v. United States, 389 U.S. 90, 95 (1967)). To obtain a writ of mandamus, the petitioner must establish that he has "no other adequate means to attain . . . relief," and that he has a "clear and indisputable" right to issuance of the writ. In re Diet Drugs, 418 F.3d at 378-79. Talley has not established that he has a "clear and indisputable" right to the relief he requests, and we will thus deny the petition.

Furthermore, if Talley is actually attempting to appeal from the District Court's July 10, 2007 order granting the defendants' motion for sanctions and/or its September 6, 2007 order granting the defendants' motion for costs and attorneys' fees, we first note that a petition for mandamus "must not be used as a mere substitute for appeal." Madden, 102 F.3d at 77 (internal citation omitted). Even if we did review the mandamus petition as an appeal, we would lack jurisdiction to consider it because it was not filed until June 3, 2008—long after the deadline for appealing from the orders had expired. See Fed. R. App. P. 4(a)(1); Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007).

Accordingly, we will deny Talley's petition.